United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-13560-mdc |
| Amanda M. Baum | Chapter 13 |
|     Debtor(s) | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Oct 28, 2020 | Form ID: pdf900 | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Amanda M. Baum, 221 W. Washington Ave, Clifton Heights, PA 19018-2131 |
| acc | + | ROBERT N. SNYDER, Sharer Petree Brotz & Snyder, 1103 Laurel Oak Rd, Suite 105B, Voorhees, NJ 08043-4376 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Oct 29 2020 02:42:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 29 2020 02:41:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + Email/Text: usapae.bankruptcynotices@usdoj.gov | Oct 29 2020 02:42:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |

TOTAL: 3

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Oct 30, 2020 | Signature: | /s/Joseph Speetjens |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 28, 2020 at the address(es) listed below:

**Name**                                 **Email Address**

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 2 of 2 |
| Date Rcvd: Oct 28, 2020 | Form ID: pdf900 | Total Noticed: 5 |

JOHN L. MCCLAIN
    on behalf of Debtor Amanda M. Baum aaamcclain@aol.com edpabankcourt@aol.com

KEVIN G. MCDONALD
    on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com

LEON P. HALLER
    on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com
    dmaurer@pkh.com;mgutshall@pkh.com

REBECCA ANN SOLARZ
    on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM C. MILLER, Esq.
    ecfemails@ph13trustee.com philaecf@gmail.com

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Amanda M. Baum <br> _Debtor_ | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY <br> _Movant_ <br> vs. | NO. 19-13560 MDC |
| Amanda M. Baum <br> _Debtor_ <br><br> William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,227.60,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2019 to September 2020 at $1,038.00/month |
| Late Charges: | December 2019 to September 2020 at $17.96/month |
| Suspense Balance: | $356.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$11,227.60** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtors shall obtain a trial modification by December 1, 2020

    b) Debtors shall either obtain a permanent modification by February 28, 2021 or continue making regular monthly payments per the trial modification until the final modification is completed.

3. Additionally, beginning on October 1, 2020, Debtors shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5.   Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.   In the event any of the events listed within Section 2 are not completed within the listed deadlines and Debtors are not in an active trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend their Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.   In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.   The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.   If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.  The parties agree that a facsimile signature shall be considered an original signature.

Case 19-13560-mdc    Doc 62    Filed 10/30/20    Entered 10/31/20 00:48:05    Desc Imaged
Certificate of Notice    Page 5 of 5

Date:   September 24, 2020                    By: /s/ Rebecca A. Solarz, Esquire
                                                  Attorney for Movant


Date:  October 26, 2020                       /s/ Mitchell J. Prince, Esquire
                                              Attorney for Debtor


Date:  October 27, 2020                       /s/ LeeAne O. Huggins                No Objection
                                              William C. Miller, Esquire
                                              Chapter 13 Trustee


Approved by the Court this  28th  day of  October , 2020.  However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge